

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

| |
|---|
| Application granted. The Clerk of Court is respectfully directed to terminate the pending letter-motion (Doc. 313).<br><br>SO ORDERED.<br><br>_____<br>Philip M. Halpern<br>United States District Judge<br><br>Dated: White Plains, New York<br>June 16, 2025 |

**VIA ECF**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re:    *United States v. Octavious Griffin*
       22 Cr. 641 (PMH)

Dear Judge Halpern:

The Government respectfully requests that the Court enter the attached Final Order of Forfeiture in this matter. As set forth in the accompanying Declaration, all right, title, and interest of the Defendant, Octavious Griffin in the Specific Property was ordered forfeited pursuant to a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (Docket Entry 262) and no third-party claims have been filed within the statutory period.

Accordingly, the attached Final Order of Forfeiture should be entered so that the United States Marshals Service can dispose of the Specific Property according to law.

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York

By: _____
Jennifer N. Ong
Assistant United States Attorney
Tel. (212) 637-2224

*Enclosure*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X
                                                                  :
UNITED STATES OF AMERICA                       :        **<u>FINAL ORDER OF</u>**
                                                                  :        **<u>FORFEITURE</u>**
           -v.-                                                   :
                                                                  :        22 Cr. 641 (PMH)
OCTAVIOUS GRIFFIN,                              :
           a/k/a "Tate,"                                    :
                                                                  :
                 Defendant.                             :
                                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

WHEREAS, on or about March 21, 2025, this Court entered a Consent Preliminary

Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of

Forfeiture") (D.E. 262), which ordered the forfeiture to the United States of all right, title and

interest of OCTAVIOUS GRIFFIN (the "Defendant") in the following property:

> a.      $4,040 in United States currency seized by the Government on or
>         about August 3, 2021 in Newburgh, NY;

(the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to

publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture,

notice of the United States' intent to dispose of the Specific Property, and the requirement that any

person asserting a legal interest in the Specific Property must file a petition with the Court in

accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3).

Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written

notice to any person known to have an alleged interest in the Specific Property and as a substitute

for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule

32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of

the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on April 11, 2025, for thirty (30) consecutive days, through May 10, 2025, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on June 16, 2025 (D.E. 312);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.      Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3.      The United States Marshals Service (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated:  New York, New York
        _____, 2025

                                        SO ORDERED:


                                        _____
                                        HONORABLE PHILIP M. HALPERN
                                        UNITED STATES DISTRICT JUDGE